UNITED STATES of America,
Appellant,

v.

Yardena HEBRONI, Defendant–
Appellee.

Docket No. 02–1106.

United States Court of Appeals,
Second Circuit.

March 13, 2002.

Eric Snyder; Jodi Avergun, Chief, Narcotic & Dangerous Drug Section; John Roth, Chief, Asset Forfeiture and Money Laundering Section, Criminal Division; Robert Feitel, Laurel Loomis, Armando O. Bonilla, Trial Attorneys, on the brief, United States Department of Justice, Washington, D.C., for Appellant.

Vivian Shevitz, South Salem, NY, for Appellee.

Present LEVAL, CALABRESI, CABRANES, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court be and it hereby is REVERSED.

The Government appeals from an order dated February 12, 2002 by the United States District Court for the Eastern District of New York, granting defendant Hebroni's motion for bail pending trial.

Hebroni, an Israeli citizen, was arrested on September 17, 2000 at Newark International Airport, while she was in transit from Panama to Italy. She was charged, pursuant to a sealed indictment, with conspiracy to launder money and related offenses in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. §§ (a)(1)(B)(i) and (a)(2)(B)(i). On June 28, 2001, the District Court (Eugene H. Nickerson, *J.*) found that Hebroni was a serious flight risk because, *inter alia*, she had no ties to the United States, faced serious criminal charges with a possible sentence of between 188 and 235 months of imprisonment, and would not be extraditable if she fled the United States. After considering defendant's proposed bail package, the District Court found it inadequate, concluded that there were no conditions that would reasonably assure defendant's appearance at trial, and denied Hebroni's motion for bail pending trial.

The case was later transferred to Judge Weinstein, who held two hearings on Hebroni's application for bail on November 20, 2001 and December 12, 2001. On December 12, 2001, the District Court granted defendant's motion for bail, in part on the grounds that Hebroni's physical condition had deteriorated and that detention had made defendant's preparation for trial more difficult. The decision was appealed to this Court, which found that the grounds upon which the District Court based its decision were not considerations that justified release under 18 U.S.C. § 3142. In addition, we noted that "Hebroni is charged with running a money laundering operation of such a scale that the United States Sentencing Guidelines will likely call for a sentence far exceeding the time she has already spent in detention; she lacks any ties to the United States; she has significant ties to other countries; it is questionable whether the United States could extradite her if she flees; and the money designated to secure her appearance is already subject to forfeiture." After observing that "[t]he government's arguments have substantial force," we vacated the order for bail and remanded it to the District Court with instructions for it to consider under 18 U.S.C. § 3142 "whether any combination of conditions would reasonably assure Hebroni's appearance as required."

On remand, the District Court held two evidentiary hearings, one on February 8, 2002 and the other on February 11, 2002. In an order dated February 12, 2002, the District Court granted Hebroni's motion for bail pending trial. The District Court accepted the bail package, originally rejected by Judge Nickerson as inadequate, and amended it so that it no longer required the posting of guards at Hebroni's home. Any guards posted at Hebroni's home would be at the Government's own expense. It also required Hebroni to secure the bond with additional collateral.

This timely appeal followed.

After considering the arguments of both sides contained in their detailed, comprehensive briefs and presented in thorough fashion at oral argument, we conclude that the District Court's decision, after remand,

to grant Hebroni's motion for bail pending trial, subject to the conditions of the bail package before it, was clearly erroneous. *See United States v. Shakur*, 817 F.2d 189, 195 (2d Cir.1987). For the reasons stated by the Government, we find no basis to believe that the conditions of release imposed by the District Court would reasonably assure the defendant's appearance for trial.

Accordingly, the order of the District Court is REVERSED.